UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDIE TYWON WHITE,

    Plaintiff,

    v.                                   Case No. 25-cv-169-bbc

ADRIAN HARRIS,

    Defendant.

## DISMISSAL ORDER

    Plaintiff Brandie Tywon White, who is representing himself, is proceeding on a Fourth Amendment claim in connection with allegations that Defendant Adrian Harris intentionally destroyed exculpatory evidence (*i.e.* a videotape recording of White's June 2, 2022 interrogation) then lied about it under oath numerous times in order to detain him without probable cause for 180 days pending his criminal trial. Dkt. Nos. 1 & 9. On July 28, 2025, Defendant filed a motion to dismiss the case asserting that the allegedly exculpatory evidence was not destroyed and in fact still exists today. Dkt. Nos. 17-21 & 23. Defendant attached a copy of the videotape to his motion to dismiss. *See* Dkt. No. 21; *see also Bogie v. Rosenberg,* 705 F.3d 603, 608-09 (7th Cir. 2013) (holding that the Court can consider video recordings on a motion to dismiss if the video is "referenced" in the complaint and "central" to the claim). Under the Civil Local Rules, White's materials in response to the motion to dismiss were due August 18, 2025. *See* Civ. L. R. 7(b)(E.D. Wis). White did not timely respond. Additionally, under the Civil Local Rules, a party's failure to respond to a motion is grounds for granting the motion as a sanction for noncompliance with the Local Rules. *See* Civ. L. R. 7(d) ("Failure to comply with the briefing requirements in Civil

L. R. 7(a)-(b) may result in sanctions up to and including the Court denying or granting the motion."). Because White did not timely respond to the motion to dismiss, the Court will grant the motion and will dismiss the case as a sanction for noncompliance with the Civil Local Rules.[1]

**IT IS THERFORE ORDERED** that Defendant's motion to dismiss (Dkt. No. 17) is **GRANTED**; and this case is **DISMISSED** as a sanction for noncompliance with the Civil Local Rules. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin on August 29, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

---

[1] The Court notes that it has also separately reviewed the attached videotape evidence, *see* Dkt. No. 21, and it confirms that the video recording of White's June 2, 2022 interrogation was not destroyed, as White alleged in his complaint. *Bogie v. Rosenberg,* 705 F.3d 603, 608-09 (7th Cir. 2013) (holding that the videotape evidence controls to the extent that the video conflicts with the allegations in the complaint). Therefore, Defendant would also be entitled to judgment on the merits.